Opinion
ZACK, J.
The complaint charges appellant with two counts of violations of section 311.2 of the Penal Code in the exhibition, on September 19, 1970, of motion pictures entitled “The Collection,” and “Man to Man,” respectively. An exhaustive statement of the evidence which led to a conviction on the first count, after jury trial, is unnecessary, except as to the specific issues discussed below. It suffices, at this point, to note that no females were involved in the picture, and that the material involved a potpourri of scenes depicting male genitalia in various conditions arising out of the interaction of the male participants, liberally garnished with depictions of homosexually oriented actual (or suggested) masturbation, flagellation, sodomy, and the like.
But the disgusting nature of the material admittedly exhibited to the public, including the arresting officers, is to be distinguished from the character of the evidence otherwise required by law to sustain convictions in cases of this kind.
*Supp. 3 The motion picture involved was not seized under a warrant, or otherwise offered or placed in evidence by the prosecution. The officers entered the theater and then took pictures of portions of the film. Such pictures, including pictures of the theater exterior, are People’s 1 through 9, 11, and 12. The balance of the film, audio and visual, was the subject of testimony. A best evidence objection was overruled on the ground that the rule does not apply. Such ruling was error.
Evidence Code section 1500 states that “. . . no evidence other than the writing itself is admissible to prove the contents of a writing.” There is no question but that the contents of the material must be considered in an obscenity case. (Memoirs v. Massachusetts (1966) 383 U.S. 413 [16 L.Ed.2d 1, 86 S.Ct. 975]; Landau v. Fording (1966) 245 Cal.App.2d 820 [54 Cal.Rptr. 177].) Motion pictures are accorded the same constitutional protection as books and other forms of expression. (Burstyn v. Wilson (1952) 343 U.S. 495 [96 L.Ed. 1098, 72 S.Ct. 777].) As the content of a film is always an issue in an obscenity case, the best evidence rule will apply if a film is a writing under the Evidence Code.
Evidence Code section 250 defines a “writing” as including “. . . photographing and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols.”
A photographic transparency, e.g., a “slide,” is a writing under this definition, because it is a picture recorded upon a tangible thing, the celluloid.[1] A motion picture film is a series of such pictures recorded upon a celluloid film strip. (Cf. Time Incorporated v. Bernard Geis Associates (S.D.N.Y. 1968) 293 F.Supp. 130.) Each picture in each frame is slightly different from the preceding one, so that when the film, is moved through a projector, these individual pictures appear to merge into a continuous “moving” picture. This movement is only an optical illusion, for in actuality each separate picture is projected onto the screen for a split second, rapidly followed by the next one. That there appears to be a “motion picture” does not alter the fact that a series of single pictures on the filmstrip, each one a “writing,” is casting an image on a screen.
Respondent argues, however, that it is not the film, but these light images on the screen, that constitute the offense of exhibiting an obscene motion picture. Respondent argues that as this moving image is unrecorded, it cannot be a writing, and therefore is not subject to the best evidence rule. This argument ignores the essential fact that the moving image is merely *Supp. 4 the consequence of passing a writing (the film) through a machine. Without projector and the filmstrip, no moving image is cast at all. The content of the moving image, “evanescent” or not, is totally dependent upon the content of the filmstrip. Just as it is better for the trier of fact to read a document than have it described, it is better for the trier of fact to see a movie than have it described. The policy considerations upholding the rule for written documents apply with full force to movies as well. It is to be noted that the instant prosecution under Penal Code section 311.2 is for exhibiting obscene matter. The latter is defined in section 311, subdivision (a) (2) (b) to include a “motion picture.” It is the character of the contents of the motion picture exhibited which, strictly speaking, is in issue, not the character of the images on the screen resulting from its exhibition.
Our ruling herein does not mean that obscenity cases may not, under any circumstances, be prosecuted by means of secondary evidence of the obscene material, It means that in this case, the prosecution, in presenting such secondary evidence, did not comply with the Evidence Code. An example of how the prosecution may proceed is contained in Evidence Code section 1503, subdivision (a): If (1) a defendant is in possession or control of the material at the time he is expressly or impliedly notified of the existence of a criminal action against him involving such alleged obscene material, and (2) if a request that he produce it is made at the trial (out of the presence of the jury), secondary evidence can be used.
But the prosecution has, as does the proponent of secondary evidence in any civil or criminal case, the burden of making a prima facie showing as to both (1) and (2). (See People v. Chapman (1921) 55 Cal.App. 192, at p. 201 [203 P. 126].) Here, the proponent of the secondary evidence made no factual showing as to (1) nor did it do (2). Nor did the proponent attempt to make any other showing which might be construed as a foundation for use of secondary evidence other than the example we have mentioned.
Unlike the result in Chapman, supra, the secondary evidence improperly admitted here was the only evidence of the contents of the material, and, unlike other cases of improper admission or exclusion of cumulative evidence, had to be prejudicial.
The judgment is reversed, and the cause remanded for a new trial.
Whyte, P. J., and Katz, J., concurred.

A photograph printed from a negative is still considered secondary evidence. (Hopkins v. Hopkins (1958) 157 Cal.App.2d 313 [320 P.2d 918].)